FILED

SEP 3 0 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1  UNITED STATES BANKRUPTCY COURT

2  EASTERN DISTRICT OF CALIFORNIA

3  SACRAMENTO DIVISION

| | |
|---|---|
| 4  In re: | Case No. 09-37635-B-13J |
| 5  HENRY APODACA, | |
| 6  Debtor(s). | Adversary No. 11-02093-B |
| 7  HENRY APODACA, | DCN N/A |
| 8  Plaintiff(s), | |
| 9  vs. | Date:  July 12, 2011<br>Time:  09:32 a.m.<br>Place: U.S. Courthouse |
| 10 JP Morgan Chase Bank, N.A., | Courtroom 32 |
|    Chase Home Finance, LLC, Long | 501 I Street |
| 11 Beach Mortgage Company, | Sacramento, CA 95814 |
|    William G. Malcolm, and Does | |
| 12 1-10, | |
|    Defendant(s). | |
| 13 | |

14           **MEMORANDUM DECISION ON MOTION TO DISMISS**

15       This matter came on for final hearing on July 12, 2011, at 09:32

16  a.m.  Appearances are noted on the record.  At the conclusion of the

17  hearing the court took the matter under submission.   The following

18  constitutes the court's findings of fact and conclusions of law,

19  pursuant to Federal Rule of Bankruptcy Procedure 7052.

20                            **DECISION**

21       The motion is granted.  All claims for relief set forth in the

22  initial complaint (the "Complaint") filed on February 8, 2011 are

23  dismissed as to moving defendant William G. Malcolm ("Malcolm")

24  without leave to amend.  If the plaintiff wishes to include in an

25  amended complaint claims for relief against Malcolm, the plaintiff

26  shall file a motion requesting permission to include Malcolm in the

27

28                              -1-

1  amended complaint, shall file and serve said motion on or before

2  October 18, 2011, and shall set said motion on the first available

3  calendar which provides proper notice to parties in interest.   If

4  filed, the motion to amend shall include as an exhibit an unfiled copy

5  of amended complaint the plaintiff wishes to file as to Malcolm.   If

6  filed, the motion to amend will also toll any existing deadline for

7  filing an amended complaint pending the resolution of the hearing on

8  the motion to amend.

9                          **FACTUAL BACKGROUND**

10        By this motion Malcolm seeks dismissal of this adversary

11  proceeding under Fed. R. Civ. P. 12(b)(6), made applicable to this

12  adversary proceeding by Fed. R. Bankr. P. 7012.

13        The Complaint alleges five causes of action for 1.) Declaratory

14  Relief, 2.) Violation of 11 U.S.C. § 362(a), 3.) Violation of 11

15  U.S.C. § 362(k)(1), 4.) Violation of the Real Estate Settlement

16  Procedures Act ("RESPA"), and 5.) Civil Conspiracy.

17        The Complaint alleges that Malcolm is an attorney licensed to

18  practice in California and Texas and that Malcolm "is doing business

19  as a lender in the State of California."  Compl., ¶ 13.

20        The Complaint bases its claims for relief on the following

21  alleged facts.  The plaintiff debtor Henry Apodaca ( the "Debtor")

22  owns real property located at 1025 Milton Street, West Sacramento, CA

23  95605 (the "Property").  The Property is the Debtor's personal

24  residence.  On March 13, 2006, the Debtor executed a promissory note

25  (the "Note") payable to the order of Long Beach Mortgage Company

26  ("Long Beach").  The Note was secured by a deed of trust (the "Deed of

27

28                                -2-

Trust") on the Property.  The Note provided for monthly payments over a period of thirty years.

 The Debtor commenced this chapter 13 bankruptcy case (the "Bankruptcy Case") on August 19, 2009.  JPMorgan Chase Bank, N.A. ("JPMorgan") filed a secured claim (the "Claim") in the Bankruptcy Case on November 5, 2009.  The Claim, as initially filed, claimed a balance of $237,078.57, and included a claim for $25,331.26 in pre-petition arrears.  According to the Claim, the pre-petition arrears were attributable to five missed monthly payments of $1,591.68 and eight missed monthly payments of $2,016.41.  JPMorgan later amended the Claim on December 2, 2009 (the "Amended Claim").  The Amended Claim is filed in the amount of $237,078.57.  The Amended Claim includes a $20,691.84 claim to pre-petition arrears, which, according to the Amended Claim, reflect thirteen missed payments of $1,5901.68. Malcolm filed the Claim and the Amended Claim on behalf of JPMorgan. Compl., ¶ 30.  The Debtor alleges that by filing the Claim, JPMorgan asserted that it had obtained rights in the Note and Deed of Trust from Long Beach.  The Debtor alleges upon information and belief that JPMorgan actually did not obtain any rights in the Note or Deed of Trust, because it did "not provide either an assignment of either the ownership nor Servicing rights" to the Debtor "as required by law." Compl. ¶ 31.

 The Debtor confirmed a chapter 13 plan in the Bankruptcy Case on November 5, 2009.  The Debtor confirmed a modified plan in the Bankruptcy Case on September 10, 2010.  The plan provided for payment of the obligation underlying the Amended Claim with an ongoing monthly

1  payment of $1,606.85 and payment of a total of $21,000.00 in pre-
2  petition arrears.

3         The Debtor alleges that "Defendant, as a matter of normal
4  business practice, conducts an 'Escrow Analysis' pursuant to RESPA
5  upon notice of a bankruptcy filing." Compl., ¶ 37.  An escrow
6  analysis allegedly analyzes the advances made by the lender in the
7  twelve months prior to the bankruptcy filing for the purposes of
8  paying of property taxes, insurance and other costs related to the
9  security for a loan and projects those costs into the future in order
10 to determine the amount that the borrower will be required to pay for
11 those costs in the future.  The escrow analysis also allegedly
12 compares the amounts advanced by the lender for these costs to the
13 amounts paid into an escrow account by the borrower for payment of
14 those costs; if the result shows that the lender has advanced funds in
15 excess of what the borrower has paid into the escrow account, the
16 lender will generate a notice of a post-petition increase in the
17 regular monthly mortgage payment.  The increase is allegedly intended
18 to recoup the advances paid by the Defendant in excess of the payments
19 made by the borrower to the escrow account.  If the borrower has filed
20 a chapter 13 bankruptcy case, the notices specifying the post-petition
21 increases in payments are allegedly sent to the debtor borrower and
22 the chapter 13 trustee.

23        The Debtor alleges that as a result of receiving a notice of a
24 post-petition payment increase, the chapter 13 trustee takes action
25 which results in the collection by the trustee of the increased
26 payment as specified in the lender's notice, which action includes
27

28                              -4-

1   objections to confirmation or motions to dismiss if the debtor is not

2   proposing to pay the full amount of the increased payment.  The Debtor

3   alleges that in generating and sending the notices based on post-

4   petition escrow analyses as described above, the "Defendants" fail to

5   distinguish between pre- and post-petition escrow advances and

6   improperly collect on a claim for a pre-petition debt through the

7   ongoing monthly mortgage payment.  The Debtor alleges that this

8   practice violates the automatic stay of 11 U.S.C. § 362(a).

9        In this case, the Debtor alleges that "Defendants" "have not

10   provided either an Annual Disclosure Accounting Statement or a Special

11   Escrow Analysis asserting a resulting negative escrow analysis as

12   required under the Real Estate Settlement Procedures Act."  Compl. ¶

13   29.  Instead, on September 22, 2010 "defendant Chase"[1] allegedly

14   notified the chapter 13 trustee of post-petition increases in the

15   monthly loan payment.  According to the notice given by "defendant

16   Chase," the mortgage payment increased from $1,606.85 to $1,940.25

17   effective October 1, 2010. Compl., ¶ 28.  The Debtor alleges that the

18   increase in the monthly mortgage payment constitutes a violation of

19   the automatic stay of 11 U.S.C. § 362(a) because by increasing the

20   monthly mortgage payment the "defendants" are attempting to recover a

21   pre-petition shortage in the Debtors' escrow account.  The Debtor

22   alleges that this alleged post-petition attempt to recover a pre-

23   petition debt violates the automatic stay.

24

25        [1]The Complaint confusingly refers to JPMorgan Chase Bank as
26   both "Chase" and JPMorgan.  See Compl. ¶¶ 11 and 23.  The
     Complaint also refers to named defendant Chase Home Finance, LLC
27   as "Chase."  See Compl. ¶ 12.

28                                    -5-

The Debtor also alleges that the "Defendants" violated RESPA by (1) failing to notify the Debtors when the note and deed of trust were transferred; (2) assessing more "risk" in the Defendants' escrow analysis calculations than is allowed by RESPA; (3) improperly accessing the escrow account for payment of property taxes and insurance; (4) failing to credit back charges improperly force-placing insurance when the Debtors had paid for insurance himself; and (5) performing an improper escrow analysis that resulted in incorrect notices of increase in payments.  The Debtor specifically cites 12 U.S.C. § 2604 as the basis for their claims for RESPA violations.

Finally, the Debtor alleges that the "assignees and/or successors in interest" to the note and deed of trust, were assisted and represented by "Defendants" in a civil conspiracy for the purpose of recouping pre-petition claims from post-petition estate property resulting in systematic injury to debtors by means of the allegedly improper escrow analyses described above, concealing the post-petition collection of pre-petition claims, and objecting to confirmation of chapter 13 plans based on the improper escrow analyses.  The Debtor alleges that "some Defendants systematically earn attorney fees based on a privity with each of the assignees an/or successors in interest during this bankruptcy case," Compl. ¶ 89, and alleges that "Defendants" have a duty to counsel "each of the assignees and/or successors" regarding the provisions of 11 U.S.C. § 362(a) and the fact that the alleged improper escrow analysis violates the automatic stay.

-6-

**ANALYSIS**

<u>The Law Applicable to A Motion to Dismiss</u>

The following sets forth the legal standard for dismissal of a complaint where the complaint fails to state a claim on which relief may be granted:

> The purpose of a motion to dismiss under Rule 12(b)(6) of the
> Federal Rules of Civil Procedure, made applicable here under Fed.
> R. Bankr. P. 7012, is to test the legal sufficiency of a
> plaintiff's claims for relief.  In determining whether a
> plaintiff has advanced potentially viable claims, the complaint
> is to be construed in a light most favorable to the plaintiff and
> its allegations taken as true.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232,
> 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974);  <u>Church of Scientology of</u>
> <u>Cal. v. Flynn</u>, 744 F.2d 694, 696 (9th Cir.1984). . .

<u>Quad-Cities Constr., Inc. v. Advanta Bus. Servs. Corp. (In re</u>
<u>Quad-Cities Constr., Inc.)</u>, 254 B.R. 459, 465 (Bankr. D. Idaho 2000).

In addition, under the Supreme Court's most recent formulation of Rule 12(b)(6), a plaintiff cannot "plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." <u>Ashcroft v. Iqbal</u>,129 S .Ct 1937, 1954 (2009). Instead, a complaint must set forth enough factual matter to establish plausible grounds for the relief sought. <u>See Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-66 (2007).  ("[A] plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

-7-

Factual allegations must be enough to raise a right to relief above the speculative level. Id., citing to 5 C. Wright & A. Miller, Fed. Practice and Procedure § 1216, at 235-36 (3d ed. 2004) ("[T]he pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In addition, the court notes the following:

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). . . the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); accord W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526;

103 S. Ct. 897, 74 L. Ed. 2d 723 (1983). . .

Toscano v. Ameriquest Mortg. Co., 2007 U.S. Dist. LEXIS 81884 (E.D.
Cal. 2007).

If a Fed. R. Civ. P. 12(b)(6) motion to dismiss is granted,
"[the] court should grant leave to amend even if no request to amend
the pleading was made, unless it determines that the pleading could
not possibly be cured by the allegation of other facts." Lopez v.
Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v.
United States, 58 F.3d 494, 497 (9th Cir. 1995). In other words, the
court is not required to grant leave to amend when an amendment would
be futile. See Toscano, 2007 U.S. Dist. LEXIS 81884 (citing Gompper v.
VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002)).

### Dismissal of Malcolm Without Leave to Amend

The court now addresses each of the Debtor's claims for relief
with respect to Malcolm.

#### 1. First Claim for Relief: (Declaratory Relief)

This claim for relief is dismissed as to Malcolm without leave to
amend.

The facts alleged by the Debtor establish the existence of a
dispute between the Debtor and some of the named defendants regarding
the correct amount of the ongoing monthly payments to be made by the
Debtors under their note and deed of trust obligations, the correct
method by which the escrow analysis should be prepared, and the proper
amount of the pre-petition claim based on the note and deed of trust
obligation.

1    However, despite the conclusory allegation in the Complaint that

2    Malcolm is "doing business as a lender in the State of California,"[2]

3    the Complaint does not allege any facts that support the existence of

4    a dispute regarding the correct amount of the monthly payments under

5    the Note or the correct method by which the escrow analysis should be

6    performed as between the Debtor and Malcolm.  Instead, the allegations

7    in the Complaint support the existence of an ongong lender-borrower or

8    debtor-creditor relationship between JPMorgan and the Debtor or Chase

9    and the Debtor.  Thus, the dispute that the Debtor asserts requires

10   declaratory relief in this adversary proceeding does not include

11   Malcolm as a party.

12

13       2.  *Second Claim for Relief (Violation of 11 U.S.C. § 362(a))*

14       This claim for relief is dismissed as to Malcolm without leave to

15   amend.

16       In connection with his claim for violation of the the automatic

17   stay of 11 U.S.C. § 362(a), the Debtor alleges that Malcolm filed the

18   Claim and the Amended Claim on behalf of JPMorgan.  No other conduct

19   is ascribed to Malcolm, except to the extent that he is included in

20   the Complaint's myriad references to "Defendant," "Defendants," or

21   "defendants."  As discussed above, the Complaint's factual allegations

22   support an ongoing lender-borrower or debtor-creditor relationship

23   between the Debtor and JPMorgan and/or Chase.  As a result, despite

24

25       [2]The Complaint alleges no other facts that, if proven, would

26   support a finding that Malcolm is in fact "doing business as a
     lender.'  The Complaint does not allege that Malcolm extended a

27   loan to the Debtor or any other party.

28                                    -10-

the Complaint's allegation that Malcolm is "doing business as a lender," the allegedly improper escrow analysis that resulted in a post-petition increase in the Debtor's monthly payment cannot be attributed to Malcolm under the facts alleged in the Complaint.  The Complaint also does not allege that Malcolm sent the notice of post-petition payment increase to the Debtor and the chapter 13 trustee; the Debtor alleges that "defendant Chase" sent the notice.

As a result, the only allegedly violative conduct ascribed to Malcolm is the filing of the Claim and the Amended Claim.  The filing of a proof of claim in a bankruptcy court - even one that a debtor objects to as incorrect - does not violate the automatic stay. Campbell v. Countrywide Home Loans, Inc., 545 F.3d 348, 356 (5th Cir. 2008).  As a result, the second claim for relief is dismissed as to Malcolm without leave to amend.

   3.   *Third Claim for Relief (Violation of 11 U.S.C. § 362(k))*
        This claim for relief is dismissed as to Malcolm without leave to amend.

        The third claim for relief alleges a violation of 11 U.S.C. § 362(k)(1).  Section 362(k)(1), however, does not create a right of action but governs the available remedies and measure of damages for a violation of a stay provided by § 362.  As a result, because the Debtor cannot state a claim for a violation of § 362(k)(1), the claim is dismissed without leave to amend.
//
//

-11-

1       *4.   Fourth Claim for Relief (Violation of Real Estate Settlement*

2                        *Practices Act (RESPA))*

3           This claim is dismissed as to Malcolm without leave to amend.

4           The fourth claim for relief alleges that the "Defendants"

5     violated RESPA by (1) failing to notify the Debtor when the note and

6     deed of trust were transferred; (2) assessing more "risk" in the

7     "Defendants'" escrow analysis calculations than is allowed by RESPA;

8     (3) improperly accessing the escrow account for payment of property

9     taxes and insurance; (4) failing to credit back charges improperly

10    force-placing insurance when the Debtor had paid for insurance

11    himself; and (5) performing an improper escrow analysis that resulted

12    in incorrect notices of increase in payments.

13          As discussed above, despite the Complaint's conclusory allegation

14    that Malcolm is "doing business as a lender" the Complaint's factual

15    allegations only support an ongoing lender-borrower or debtor-creditor

16    relationship between the Debtor and JPMorgan and/or Chase.  As Malcolm

17    points out, RESPA applies only to lenders and loan servicers.  In re

18    Madera, 363 B.R. 718, 731 (Bankr. E.D. Pa. 2007).  The facts alleged

19    in the Complaint do not establish that Malcolm is either a lender or a

20    loan servicer, or that Malcolm had any duty imposed by RESPA with

21    respect to the Debtor.  As a result, the fourth claim for relief is

22    dismissed as to Malcolm without leave to amend.

23          The Debtor's argument that the fourth claim for relief should not

24    be dismissed as to Malcolm because he was acting as an "agent for the

25    creditor" (Dkt. 30 at 6) and "has an extra duty to insure that all

26    notices sent to the debtor and the Chapter 13 trustee are correct" is

27

28                                    -12-

1  not persuasive.  The Debtor cites no authority supporting the

2  imposition of an "extra duty" under RESPA on Malcolm, and alleges no

3  facts that indicate that Malcolm did any act outside of the scope of

4  his role as an agent that would expose Malcolm himself, as opposed to

5  his client, to liability.

6

7              *5.  Fifth Claim for Relief (Civil Conspiracy)*

8         This claim is dismissed as to the Malcolm without leave to amend.

9         Civil conspiracy is not an independent tort.  Instead it is

10 "merely a mechanism for imposing vicarious liability; it is not itself

11 a substantive basis for liability.  Each member of the conspiracy

12 becomes liable for all acts done by other pursuant to the conspiracy,

13 and for all damages caused thereby."  <u>Favila v. Katten Muchin Rosenman</u>

14 <u>LLP</u>, 188 Cal.App.4th 189, 206 (2010).  A civil conspiracy is

15 "activated by the commission of an actual tort."  <u>Applied Equip. Corp.</u>

16 <u>v. Litton Saudi Arabia Ltd.</u>, 7 Cal.4th 503, 511 (1994).

17        In addition, "[t]he basis of a civil conspiracy is the formation

18 of a group of two or more persons who have agreed to a common plan or

19 design to commit a tortious act.  The conspiring defendants must also

20 have actual knowledge that a tort is planned and concur in the

21 tortious scheme with knowledge of its unlawful purpose.  However,

22 actual knowledge of the planned tort, without more, is insufficient to

23 serve as the basis for a conspiracy claim.  Knowledge of the planned

24 tort must be combined with intent to aid its commission."  <u>Id.</u> (citing

25 <u>Kidron v. Movie Acquisition Corp.</u>, 40 Cal.App.4th 1571, 1582 (1995).

26        Here, the Debtor alleges that the "Defendants assist the

27

28                                   -13-

assignees and/or successors in interest" to the promissory note and
deed of trust in connection with recouping pre-petition claims from
post-petition estate property resulting in systematic injury to Debtor
by means the allegedly improper escrow analyses described above,
concealing the post-petition collection of pre-petition claims, and
objecting to confirmation of chapter 13 plans based on the improper
escrow analyses. Additionally, the Debtor alleges "some Defendants
systematically earn attorney fees based on a privity with each of the
assignees and/or successors in interest during this bankruptcy case."
These allegations, however, are not sufficient to state a claim that
any of the named defendants were involved in a civil conspiracy.  The
Debtor has not alleged any agreement between any of the named
defendants to a common plan or design to commit a tortious act, nor
have they alleged that any of the named defendants had actual
knowledge that a tort was planned and that they concurred in the
tortious scheme with knowledge of its unlawful purpose.  This claim
for relief also suffers from defects that are found throughout the
Complaint in that this claim for relief also fails to distinguish
between any of the named defendants with respect to the alleged civil
conspiracy.

       The Debtor has also not surmounted the procedural hurdle of Cal.
Civ. Code § 1714.10 with respect to Malcolm.  Section 1714.10
prohibits claims for relief against an attorney for civil conspiracy
which is based on the attorney's representation of the client from
being included in a complaint unless the court enters an order
allowing the pleading that includes the claim for civil conspiracy

-14-

1  after the court determines that the party seeking to file the pleading

2  has established a reasonable probability of prevailing in the action.

3  Cal. Civ. Code § 1714.10(a).  There are two exceptions to the

4  procedural hurdle of § 1714.10(a): (1) where the attorney has an

5  independent legal duty to the plaintiff, or (2) the attorney's acts go

6  beyond the performance of a professional duty to serve the client and

7  involve a conspiracy to violate a legal duty in furtherance of the

8  attorney's financial gain.  See also Favila, 188 Cal. App. 4th at 207-

9  210.  In this adversary proceeding the court has not entered an order

10  authorizing the filing of a claim for civil conspiracy against

11  Malcolm, and the Debtor has not alleged any facts which establish one

12  of the exceptions described above.

13                    *5.  Leave to Amend*

14       The court recognizes that it "should grant leave to amend even if

15  no request to amend the pleading was made, unless it determines that

16  the pleading could not possibly be cured by the allegation of other

17  facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc),

18  quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In

19  other words, the court is not required to grant leave to amend when an

20  amendment would be futile. See Toscano, 2007 U.S. Dist. LEXIS 81884

21  (citing Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002)).  In

22  this case, the court dismisses Malcolm without leave to amend because

23  the Debtor has not alleged any facts that suggest that Malcolm's role

24  in the present controversy was anything other than as bankruptcy

25  counsel for JPMorgan and/or Chase, performing tasks that are typical

26  for a creditor's counsel in a bankruptcy proceeding.  The fact that

27

28                              -15-

the debtor disagrees with the creditor's calculation of the ongoing
monthly payment, and the fact that the alleged improper calculation
<u>might</u> be construed as an improper attempt to collect a pre-petition
debt does not automatically put Malcolm, as the creditor's agent, at
fault.   Furthermore, if the Debtor believes that he can allege facts
constituting a claim for relief against Malcolm consistent with the
provisions of Federal Rule of Bankruptcy Procedure 9011, the court has
given the Debtor the opportunity to file a motion to request leave to
amend the Complaint.

The court will issue a separate order consistent with this
ruling.

Dated: **SEP 3 0 2011**

United States Bankruptcy Judge

-16-

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

## CERTIFICATE OF SERVICE

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was served by mail to the following entities listed at the address(es) shown below.

Office of the US Trustee
501 I St, Ste 7-500
Sacramento, CA 95814

Peter Macaluso
7311 Greenhaven Dr #100
Sacramento, CA 95831

Vincent Novak
425 Market St
San Francisco, CA 94105

Henry Apodaca
1025 Milton St
West Sacramento, CA 95605

**DATED:** OCT − 3 2011          **By:** _Sheryl Busby_
                                        **Deputy Clerk**